**In re Duane W. HYATT, Individually and d/b/a Michigan Fire-View Distributors, a Sole Proprietorship and d/b/a Horizon Apartments and Shirley J. Hyatt, his wife, Jointly and Severally, Debtor.**

**Donald E. ROBINSON, Plaintiff,**

v.

**Duane W. HYATT, Defendant.**

**Bankruptcy No. 81–00715.
Adv. No. 82–0054.**

United States Bankruptcy Court,
E.D. Michigan, N.D.

Jan. 14, 1983.

Alton T. Davis, Grayling, Mich., for plaintiff.

Ralph I. Selby, Bay City, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

A Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code was filed by the Defendant in this matter on November 5, 1981. Subsequent to that time, Plaintiff commenced this adversary proceeding against the Debtor in Possession. The subject matter of this dispute is the assignment to the Plaintiff by the Debtor in Possession of $5,212.83, which was held in escrow by Ski & Shore Properties of Charlevoix, Inc. On March 1, 1977, the Debtor borrowed from the Plaintiff the sum of $13,000.00 with interest at the rate of 10%, the note becoming due on or before March 1, 1978. The Debtor in Possession defaulted in payment of the note.

On December 20, 1978, the Debtor in Possession entered into an escrow agreement, resulting from the sale of realty, whereby $5,212.83 was escrowed in the Debtor in Possession's name with the Charlevoix Title Company, of Charlevoix, Michigan, pending final closing.

The Plaintiff brought suit against the Debtor in Possession in the Oscoda County Circuit Court seeking to collect the balance due on the note. In November of 1980 the parties entered a stipulation by which Mr. Hyatt agreed to pay the principal sum of $9,786.80 at a rate of 10% per annum from October 28, 1980 to the Plaintiff, within six months of October 28, 1980. If the amount was not paid within the six month term

then the Plaintiff was entitled to take a consent judgment for the full amount of principal, interest and costs then due. The stipulation further provided that as between the Plaintiff and Defendant, as of the effective date of the stipulation, the Plaintiff was to receive from the Defendant an assignment of the sum of $5,212.83 presently escrowed with Ski & Shore Charlevoix, Inc. of Charlevoix, Michigan in the Defendant's name. A copy of the stipulation was to serve as notice to Ski & Shore Properties of Charlevoix, Inc., of its obligation to release the escrowed funds to the Plaintiff when the funds were paid out of escrow. Subsequent to the execution of the stipulation, copies of the stipulation were sent to both Ski & Shore and Charlevoix Title Company as evidence of the assignment and Plaintiff's interest in the fund. The Debtor in Possession failed to perform under the stipulation and on June 29, 1981, a Consent Judgment was entered in the Oscoda Circuit Court for the full amount of the Debtor's obligation to Plaintiff.

The Plaintiff argues that the assignment of the escrow account to the Plaintiff by the Debtor in Possession was properly perfected and is, therefore, beyond the avoidance powers provided in 11 U.S.C. § 544. The Debtor, however, takes the position that the Plaintiff failed to properly perfect its interest in the assignment of said funds. If the Plaintiff's interest in the fund was not properly perfected, the Debtor in Possession, being clothed with the powers of a trustee and, therefore, being considered a prior lien creditor, can avoid the assignment of the escrowed funds under 11 U.S.C. § 544. 11 U.S.C. § 544(a) states:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on

a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

Colliers in commenting on this section states:

Therefore, the trustee's powers, in every case governed by section 544(a), are those which the state law would allow to a supposed or hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal (or equitable) processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor..... But the extent of the trustee's rights, remedies and powers as a lien creditor are measured by the substantive law of the jurisdiction governing the property in question. It is not for the state law to determine what rights conferred on lien creditors are transferred to the trustee under the Code nor, on the other hand, does section 544(a)(1) or (2) confer on the trustee any greater rights than those accorded by the applicable law to a creditor holding a lien by legal or equitable proceedings. These are fundamental concepts in the application of the strong arm clause of section 544(a) which must not be forgotten.

The Debtor in Possession, therefore, has the status of a judicial lien creditor as of the commencement of the case. State law must then be examined as to the rights of this hypothetical judicial lien creditor measured against the Plaintiff's rights. M.C.L.A. § 440.9301 provides that an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor without knowledge of the security interest and before it is perfected.

In the case at bar, the Plaintiff was assigned the escrow fund under the terms of the consent judgment entered in the Iosco Circuit Court. The escrow fund was held by the Charlevoix Title Company, Charlevoix, Michigan. The Title Company received notice of the assignment of the interest in the escrow fund. One of the ways in which to perfect a security interest is pro-

vided by M.C.L.A. § 440.9304(3). This section deals with perfecting security interest in goods in the possession of a bailee. It provides three different ways in which a security interest can be perfected under these circumstances. The security interest can be perfected by the issuance of a document in the name of the secured party, by the bailee's receipt of notification of the secured party's interest or by filing as to the goods. Filing is permissive, and not mandatory, to perfect a security interest. M.C.L.A. § 440.9305. Under this section where the collateral is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest. Comment 3 to UCC Section 9–304 indicates that receipt of notification by the bailee of the secured party's interest is looked on as an equivalent to taking possession by the secured party.

The Plaintiff gave notification to the bailee, the Charlevoix Title Company, that there had been an assignment of the Debtor's interest in the escrow funds. This notice served to perfect the Plaintiff's interest in those escrow funds. This notification was received by the bailee, at the latest, sometime in November of 1980 after the stipulation was reached in the Circuit Court action.

As the Plaintiff's interest in the escrow fund was perfected, the trustee cannot avoid the Plaintiff's interest in the fund. For the Debtor in Possession to succeed in using its avoiding powers the interest of the Plaintiff would have had to have been proven unperfected which is not the case here. The Court, therefore, holds that the Plaintiff is entitled to the funds which were placed in an interest bearing account under an order of the Court.

IT IS SO ORDERED.